UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **PLAINSCAPITAL BANK** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. _____ |
| **HILLARY MACHINERY, INC.** | § § § | |
| Defendant. | § § | |

## COMPLAINT

PlainsCapital Bank., ("PlainsCapital" or "Plaintiff") for its Complaint against Defendant Hillary Machinery, Inc. (referred to as "Defendant") alleges as follows:

## PARTIES

1. PlainsCapital Bank is a commercial bank organized under the state of Texas, with its main office located at 5010 University Avenue, Lubbock, Texas 79413.

2. Hillary Machinery, Inc. is a Texas corporation with its main office located at 1825 Summit Avenue Suite 207, Plano, Texas 75074.

## JURISDICTION AND VENUE

3. Jurisdiction over this action, brought under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, is conferred by 28 U.S.C. § 1331, inasmuch the dispute arises under the Federal Reserve Act, Regulation J (12 C.F.R. § 210 *et seq.*) and the Federal Reserve Banks Operating Circular No. 6.

4. Defendant is subject to personal jurisdiction in this judicial district. Defendant's principal place of business is located in this judicial district. Defendant may be served with process by serving its registered agent, David J. Weber at 1825 Summit Avenue Suite 207, Plano, Texas 75074.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this judicial district and is subject to personal jurisdiction and because a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## FACTUAL BACKGROUND

6. In 2005, PlainsCapital and Defendant entered into a Commercial Account Agreement and a Wire Transfer Authorization Agreement.

7. In connection with its commercial accounts, Defendant utilized the PlainsCapital internet banking system, including its deposit, wire transfer and bill payment functions.

8. On November 9 and 10 of 2009, PlainsCapital received certain wire transfer orders in the name of Defendant through the PlainsCapital internet banking system.

9. Later, Defendant notified PlainsCapital that certain wire transfer orders that had been placed through the PlainsCapital internet banking system and verified pursuant to the security procedure in place were, in fact, not initiated by Defendant.

10. The total amount of the allegedly unauthorized transfer orders was $801,495.00.

11. PlainsCapital made every effort to recover monies transferred through the FedWire Funds Transfer System and indeed was successful in recovering almost $600,000 of the allegedly unauthorized transfers.

12. In a letter dated December 11, 2009, Defendant alleged that PlainsCapital internet banking system failed to employ commercially reasonable security measures and that PlainsCaptial was responsible for all unrecoverable monies transferred from Defendant's accounts.

13. PlainsCapital has declined Defendant's demand for a refund of unrecoverable monies transferred pursuant to the allegedly unauthorized wire transfer orders.

## FIRST CLAIM FOR RELIEF
(**Declaratory Judgment**)

14. Paragraphs 1-13 of this Complaint are incorporated herein by reference.

15. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and 2202 between PlainsCapital and Defendant concerning the parties respective rights and obligations under Regulation J and the terms of the Commercial Account Agreement and a Wire Transfer Authorization Agreement.

16. PlainsCapital has at all times maintained commercially reasonable security measures within the meaning of 12 C.F.R. §§ 4A-201 and 4A-202.

17. PlainsCapital accepted the wire transfer orders in good faith.

18. On information and belief, the allegedly unauthorized wire transfer orders were caused by a person who obtained access to transmitting facilities of the Defendant or who obtained, from a source controlled by Defendant and without authority of PlainsCapital, information facilitating breach of the security procedure.

19. PlainsCapital is entitled to enforce the wire transfer orders to the extent monies transferred are not otherwise recoverable from the beneficiaries of the orders.

20. PlainsCapital is entitled to a declaratory judgment that its security procedures are commercially reasonable, that it is entitled to enforce the wire transfer orders and that it has not breached its obligations under the terms of either Commercial Account Agreement or the Wire Transfer Authorization Agreement.

21. PlainsCapital is entitled to further relief pursuant to 28 U.S.C. § 2202, as the Court may deem just and proper.

22. Additionally, PlainsCapital is entitled to an award of its reasonable and necessary attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff PlainsCapital Bank prays that Defendant be cited to appear and answer herein, and that upon final trial, the Court grant the following relief:

A   Declare that the security procedures for the PlainsCapital internet banking system in place at the time of the alleged unauthorized transfers was commercially reasonable within the meaning of 12 C.F.R. §§ 4A-201 and 4A-202.

B,   Declare that PlainsCapital is entitled to enforce the wire transfer orders to the extent that the transferred monies are unrecoverable from the beneficiaries of such transfer orders.

C.   Declare that PlainsCapital has not breached any of its obligations under the Commercial Account Agreement;

D.   Declare that PlainsCapital has not breached any of its obligations under the Wire Transfer Authorization Agreement

E.   Award PlainsCapital its reasonable and necessary attorneys' fees and costs incurred in bringing this action; and,

F.   Grant such further and other relief as the Court may deem, just and proper.

Respectfully submitted,

/s/ Diane K. Letelleir _____
Diane K. Lettelleir
dlettelleir@winstead.com
Texas State Bar No. 12241525
Leslie S. Johnson
Texas State Bar No. 24060565
Winstead PC
1201 Elm Street, Suite 5400
Dallas, Texas 75270
(214) 745-5400 (Telephone)
(214) 745-5390 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
PLAINSCAPITAL BANK**

```
Dallas_1\5464164\1
22671-11 12/31/2009
```